# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:08cr221 |
| v. | : | (Judge Munley) |
| **JOSEPH P. DONAHUE,** | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition are several pretrial motions. The motions have been fully briefed and are ripe for disposition.

### Background

The United States of America (hereinafter "government") has filed a sixteen-count Second Superceding Indictment against Defendant Joseph P. Donahue (hereinafter "defendant"). The indictment contains charges of bank fraud, credit card fraud, false statements to the government and money laundering.

### Discussion

Several motions have been filed that we will discuss separately.

### I. Defendant's motion for notice by the government of its intention to rely upon other crimes, wrongs, acts and misconduct evidence

Defendant moves for notice from the government of its intention to rely upon other crimes, wrongs, acts and misconduct evidence. (Doc. 126). Under the Federal Rules of Evidence, such evidence may be admissible for certain purposes if the government provides notice that it intends to use it. Specifically, Rule 404(b) provides that evidence of other "crimes, wrongs, or acts" may be admissible to establish "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance

of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." FED. R. EVID. 404(b).

Defendant moves for such notice in the instant case. In its brief in response to the defendant's motion, the government indicates that it has already provided the defendant with such notice of other crimes, wrongs or acts. (Doc. 135, Gov't Brief at 3). The government's brief also lists the witnesses that it intends to call to establish these similar acts. (Id.). The government indicates that the evidence related to these other acts is available for inspection and copying by the defendant. (Id.). Because the government has provided the requested information, the motion will be denied as moot.[1]

## II. Defendant's motion to dismiss Count 2 for failure to state a claim

Defendant next moves to dismiss Count 2 of the indictment for failure to state a claim. (Doc. 129). Count 2 of the Indictment charges money laundering. Count 1 of the Indictment charges bank fraud. The money laundering alleged in Count 2 involves the funds obtained through the bank fraud alleged in Count 1. Defendant argues that financial transactions alleged in Count 2 are "part and parcel" of the underlying scheme to defraud. They do not amount to temporally distinct conduct as required by the criminal statutes and the Double Jeopardy Clause of the United States

---

[1]The government argues that the other wrongs to which it refers are in fact not governed by Rule 404(b). Its position is that these acts are actually intrinsic to the fraud with which the defendant is charged. We need not decide this issue, however, as the government has indicated it has provided the information that the defendant seeks regardless of whether it falls under Rule 404(b).

2

Constitution. The government's position is that the two counts involve separate crimes and the Double Jeopardy Clause is not violated.

To analyze this motion, we must first review the government's allegations as found in the Second Superceding Indictment.[2] Count 1 involves allegations of bank fraud. The government alleges that the defendant represented himself to M & T Bank as Scott Carey to apply for and obtain a $50,000.00 line of credit, which was later increased to $100,000. (Doc. 138, Superceding Indictment, Count 1, ¶ ¶ 5, 8 ). Defendant forged Scott Carey's signature and used a fraudulent driver's license to identify himself as Scott Carey to M & T Bank. (Id. at ¶ 6). On February 2, 2004, the defendant used the line of credit to obtain a bank check in the amount of $33,476.00 made payable to Select Marketing Group. (Id. at ¶ ¶ 7, 9(c)). The government charges that these allegations amount to bank fraud in violation of 18 U.S.C. § 1344.

Count 2 alleges that the defendant deposited this fraudulently obtained check into Select Marketing Group's account with Wachovia Bank. (Id. at Count 2, ¶ 5(c)). The defendant then made various transfers of funds from Select Marketing Group's account to the Wachovia account of another of his businesses, to himself and to a credit card account. (Id. ¶ 5). According to the government, these allegations amount to money laundering in violation of 18 U.S.C. § 1956(a)(1)(A).

---

[2]Defendant raised this motion to dismiss Count 2 of the First Superceding Indictment. After the filing of the motion, the government filed a Second Superceding Indictment. (Doc. 138). The Second Superceding Indictment contains the same Count 2 as the First Superceding Indictment. Therefore, we will treat the motion as if it were directed at the Second Superceding Indictment.

3

Defendant argues that the money laundering statute is intended to punish a crime that is distinct from the offense that generated the money that is laundered. In the instant case, he asserts, the disbursement of the funds alleged in Count 2 is part and parcel of the fraud set forth in Count 1; therefore, Count 2 should be dismissed.

The Double Jeopardy Clause of the United States Constitution prohibits prosecution and punishment multiple times for the same offense. United States v. Conley, 37 F.3d 970, 975 (3d Cir. 1994); U.S. CONST. amend V. Specifically, with regard to this case, the money laundering charge must differ from the bank fraud crime by which the defendant obtained the money. Id. at 980. The money laundering statute is intended to punish transactions that occur after the underlying fraud offense. Therefore, if we find that Count 2 charges the same offense as Count 1, then it will be appropriate to dismiss Count 2. To determine whether two offenses are the same offense for purposes of the Double Jeopardy Clause, we examine whether "each provision requires proof of a fact which the other does not." Id. (citing Brown v. Ohio, 432 U.S. 161, 164 (1977)).

We find that the government has properly charged two separate offenses. In Count 1, the government charges that the defendant committed bank fraud by representing himself to M & T Bank as Scott Carey and obtaining a line of credit. He then used this line of credit to obtain a check for $33,476.00. Bank fraud is committed by:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice--
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises[.]

4

18 U.S.C. § 1344.

The facts alleged by the government are sufficient to establish these elements of bank fraud. The crime was completed upon receipt of the check for $33,476.00.

The second count relates the defendant's alleged actions after the completion of the bank fraud, that is after he received the 33,476.00 check.

Money laundering is committed when a defendant uses property he knows represents the proceeds of some form of unlawful activity intending to promote the carrying on of the specified unlawful activity. 18 U.S.C. § 1956(a)(1). Here the government asserts that the money laundering occurred when the defendant transferred the funds he obtained fraudulently to various other accounts and to himself. This is separate and distinct from the fraud used to obtain the funds.[3]

The instant case is similar to the facts addressed by the Third Circuit Court of Appeals in United States v. Omoruyi, 260 F.3d 291 (3d Cir. 2001). In Omoruyi, the defendant deposited, through the mail, several stolen checks into bank accounts using fictional names. Then continuing to use the pseudonyms, he withdrew the money. He was charged and convicted with both mail fraud for depositing the checks and money

---

[3]The Third Circuit Court of Appeals applies a broad interpretation of the element to "promote the carrying on of the unlawful activity." It has held that past unlawful activity can be "promoted" by money laundering. For example, cashing checks that were obtained through embezzlement promoted the carrying out of the embezzlement. United States v. Conley, 37 F.3d at 978 n.11. Accordingly, in this case, the bank fraud could be furthered or "promoted" by transferring the money obtained through the alleged bank fraud to other bank accounts and to the defendant himself.

laundering for later withdrawing money from the fraudulent deposits. He argued on appeal that the conduct charged as money laundering was also the conduct charged as mail fraud. Id. at 296. The court explained that the mail fraud was complete when the checks were mailed to the various banks for deposit. When the defendant withdrew the money, it amounted to proceeds of an already completed fraud. Id. In the instant case, the bank fraud was completed when the $33,476.00 was transferred from the M & T line of credit to the Select Marketing Group bank account. The application of the proceeds of the bank fraud to other accounts and to himself is the basis of the money laundering claim. The two crimes are separate and distinct, and therefore, the motion to dismiss will be denied.

**III. Defendant's motion to compel the government to provide additional discovery**

The defendant also moves for the government to provide additional discovery. (Doc. 130). The requested discovery includes:

1) Complete transcripts or written reports of the interview(s) conducted with witness Scott Carey and Gary Aniska; and

2) A copy of the Identity Theft Affidavit submitted to the Bank of America by Agent Whitehead on or about November 29, 2004.

Defendant claims that this evidence is important to the defense in this matter.

The government indicates that the transcripts/written reports of interviews with the witnesses are *Jencks* material and need not be provided to the defendant until after the witnesses testify. See FED. R. CRIM. PRO. 26.2. The government further represents that the transcripts will be turned over to the defendant in the week prior to the jury selection.

The government also states that the "Identity Theft Affidavit" if it is in the government's possession will be located and turned over to the defense. Accordingly, this motion will be denied as moot.

**IV. Defendant's motion for attorney-conducted voir dire**

According to the Federal Rules of Criminal Procedure, in selecting a jury, the court may examine prospective jurors, or allow the attorneys for the parties to do so. FED. R. CRIM. PRO. 24(a)(1). The defendant moves for attorney conducted voir dire. He asserts that such voir dire is necessary "to make reasonable inquiry of the juror's perceptions regarding certain facts related to the government's prosecution and defendant's theory of the case." (Doc. 131, Motion For Attorney Conducted Voir Dire at 1). The government argues that the defendant "has engaged in a campaign of slander and inflammatory accusation, including accusing a judge and the prosecutor in this district of taking bribes[.] . . . The trial court is in the best position to ask probing questions without improper and inflammatory remarks being made to the [jury] panel." ((Doc. 136) United States' Brief in Opposition to Defendant's Motion at 4).

The United States Supreme Court has explained that the trial court has significant discretion in structuring voir dire under Rule 24(a)(1). <u>Gonzalez v. U.S.</u>, 553 U.S. 242, (2008). We will exercise that discretion to deny the defendant's motion. The court will examine the prospective jurors pursuant to Rule 24(a)(1). The parties have been directed to submit proposed voir dire questions, and the court will take these proposed questions into consideration when formulating its voir dire questions.

**V. Government's motion to exclude evidence of alleged misconduct of others**

The final motion for the court to consider is the government's motion in limine to prevent the defendant from presenting evidence that the instant prosecution is based upon ill will on the part of the prosecutor grounded in a money laundering prosecution against the defendant by the United States Attorney Office in the early 1990s.[4]  In that prosecution, Defendant Donahue was convicted and sentenced to prison for laundering approximately four million dollars in drug proceeds.  Defendant argues that the instant prosecution is motivated by revenge on the part of the Assistant United States Attorney against the defendant for revealing matters about the prosecutor, ruining his career and keeping him from becoming the United States Attorney.  The government argues that such an argument is irrelevant.  Even if the defendant is correct and the government seeks to prosecute him out of revenge, that does not mean that the defendant did not commit the crimes.

We agree with the government.  The prosecutor's motive in bringing charges is irrelevant as to whether the defendant actually committed the crimes charged.[5]  Irrelevant evidence is not admissible.  FED. R. EVID. 402.  Accordingly, the government's motion will be granted.[6]

---

[4]The court initially denied this motion by verbal order of court on September 2, 2009.  But as defendant has filed another memorandum on the issue, we will briefly address it again.

[5]The defense has filed two briefs in opposition to this motion.  Neither brief cites to any legal authority in support of the defendant's position.  (See Doc. 67, Doc. 127).

[6]This ruling should not be interpreted to limit the defendant from exercising his right to confront witnesses and challenge any improper motivation they may have for presenting evidence.

**Conclusion**

    For the reasons set forth above, the defendant's motion for notice and the defendant's motion for discovery will be denied as moot. The defendant's motion to dismiss Count 2 and the defendant's motion for attorney conducted voir dire will be denied. The government's motion in limine will be granted. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:08cr221 |
| v. | : | (Judge Munley) |
| JOSEPH P. DONAHUE, Defendant | : | |

## ORDER

**AND NOW**, to wit, this  8th  day of February 2010, it is hereby **ORDERED** as follows:

1) The defendant's motion for notice by the government of its intention to rely upon other crimes, wrongs, acts and misconduct evidence (Doc. 126) is **DENIED** as moot;

2) The defendant's motion to dismiss Count 2 for failure to state a claim (Doc. 129) is **DENIED**;

3) The defendant's motion to compel the government to provide additional discovery (Doc. 130) is **DENIED** as moot;

4) The defendant's motion for attorney conducted voir dire (Doc. 131) is **DENIED**; and

5) The goverment's motion in limine (Doc. 63) is **GRANTED**.

**BY THE COURT:**

 s/ James M. Munley 

**JUDGE JAMES M. MUNLEY**
**United States District Court**