**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:08cr221 |
| | : | No. 3:13cv2464 |
| | : | (Judge Munley) |
| v. | : | |
| **JOSEPH P. DONAHUE,** | : | |
| Defendant | : | |

## MEMORANDUM & ORDER

Before the court for disposition is Defendant Joseph P. Donahue's motion to recuse or disqualify. For the following reasons, the motion will be denied.

**Standard of review**

Federal law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Beliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)).

"'A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias . . . Under § 455(a), if a reasonable man,

were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse.'" Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (quoting Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)).  Moreover, a judge is required to disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  Bias and prejudice "connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." Liteky v. United States, 510 U.S. 540, 550 (1994) (emphasis in orginal).

**Discussion**

Defendant asserts that the undersigned judge has a personal bias and prejudice against him.  Accordingly, the defendant seeks the judge's recusal.   We find no justification for recusal.

First, the defendant asserts that the judge and certain members of his staff have personal knowledge of disputed evidentiary facts crucial to

his motion under 28 U.S.C. § 2255.  We have reviewed the section 2255 motion, and it is without merit.  No factual evidentiary matters are at issue.  Therefore, this ground does not support recusal.

Second, the defendant argues that the judge and certain members of his staff have personal knowledge of facts central to defendant's pending civil action, No. 3:12cv2575.  This, case, however, is no longer pending.  The district court dismissed the case in August 2013.  The defendant appealed to the United States Third Circuit Court of Appeals.  The Third Circuit dismissed his appeal in April 2014.   The civil suit, therefore, does not provide any basis for recusal of the judge.

Defendant also raises issues involving a claim or claims of judicial misconduct that he filed against the undersigned.  To submit to recusal because a party files misconduct charges would be to allow litigants to choose their judge based on the filing of such charges.  See United States v. Vampire Nation, 451 F.3d 189, 209 (3d Cir. 2006) (finding that the trial judge did not err in failing to recuse himself, though the defendant had filed a judicial misconduct complaint against the judge, since defendant "had already deluged the District Court with numerous and frivolous pro se motions throughout the proceedings, and we are unwilling to conclude that

Judge Hardiman erred by not sua sponte recusing himself from sentencing simply because Banks, a convicted defendant who had already clogged the proceedings with pro se motions, also filed a judicial misconduct complaint in addition to other pro se motions.").  In other words, if a litigant did not like the judge, he could simply file a misconduct report and the judge would need to recuse himself.  Such a result is not acceptable.

Thus, the defendant's motion for recusal (Doc. 325) is hereby **DENIED**.  We emphasize that our rulings in this case have been based on a reasoned assessment of the applicable law, and no other factors.

**Date: June 23, 2014**               **BY THE COURT:**


**s/ James M. Munley**

**JUDGE JAMES M. MUNLEY
United States District Court**