# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:08cr221 |
| | : | 3:13cv2464 |
| v. | : | (Judge Munley) |
| | : | |
| **JOSEPH P. DONAHUE,** | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Defendant Joseph P. Donahue's motion styled as a "MOTION FOR RELIEF FROM FINAL JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)(3) AND 60(d)(3)". The parties have briefed their respective positions, and the matter is ripe for disposition.

## **Background**

On January 6, 2010, the United States of America (hereinafter "government") filed a sixteen-count Second Superceding Indictment against Defendant Joseph P. Donahue (hereinafter "defendant").[1] The indictment contains charges of bank fraud, 18 U.S.C. § 1344; access device fraud (credit card fraud), 18 U.S.C. §§ 1029(a)(2), 1029(a)(2), 1029(b)(1) and 1029(b)(2); false statements to the government, 18 U.S.C.

---

[1] The government filed the initial indictment on May 28, 2008. (Doc. 1).

§ 1001; and money laundering, 18 U.S.C. § 1956(a)(1)(A). Basically, the government charged that the defendant solicited people to join in business ventures with him and then used their personal information to obtain credit cards for his own personal use.

After a ten-day trial that commenced on February 17, 2010, a jury found the defendant guilty on all counts. After the trial, the defendant filed a motion for judgment of acquittal that raised various issues. The court denied the motion on September 13, 2010. (Doc. 250). The court scheduled sentencing for September 15, 2010. (Doc. 243). On the eve of sentencing, however, the court granted leave for the defendant to file supplemental post-trial motions based upon newly discovered evidence. On October 1, 2010, defendant filed a second supplemental motion for judgment of acquittal and new trial, raising one more issue. The court held a hearing on the motions on October 4, 2010. The court issued a memorandum and order on October 22, 2010 denying the defendant's supplemental motion and second supplemental motion for new trial and judgment of acquittal. (Doc. 270).

The defendant then appealed to the Third Circuit Court of Appeals. The Third Circuit affirmed the judgment of conviction on January 30, 2012.

United States v. Donahue, 460 F. App'x 141 (3d Cir. 2012). The defendant then filed a petition for certiorari with the United States Supreme Court. The Court denied the petition on October 1, 2012. Donahue v. U.S., 133 S.Ct. 184 (2012).

Next, on September 26, 2013, defendant filed a motion pursuant to 28 U.S.C. § 2255. (Doc. 314). He filed a supplement to the motion on January 14, 2014. (Doc. 322). Issues raised in the motion included: whether the government improperly failed to disclose exculpatory evidence regarding the actions of the FBI agent who led the criminal investigation of the defendant[2]; whether the government engaged in prosecutorial misconduct by, *inter alia*, failing to disclose properly the information regarding an FBI's agent's alleged perjury; whether trial counsel acted ineffectively by failing to pursue the perjury issue zealously enough; whether trial counsel was ineffective for failing to interview certain witnesses; and whether the court correctly sentenced defendant.

After the parties fully briefed the issues, we denied the motion on June 23, 2014. (Doc. 337). Defendant then sought a certificate of appealability from the Third Circuit Court of Appeals so that he could

---

[2]Defendant previously raised this issue in his supplemental motions for judgment of acquittal and new trial.

appeal this court's decision.  The Third Circuit Court of Appeals denied a certificate of appealability on August 26, 2014.  (Doc. 346).   The appeals court found that defendant "has not made a substantial showing of the denial of a constitutional right nor shown that reasonable jurists would find the correctness of the procedural aspects of the District Court's decision debatable."  Id.

Defendant also filed a petition for a writ of mandamus with the Third Circuit Court of Appeals seeking to have this court's order on his section 2255 motion vacated and to disqualify the district court judge.  The Third Circuit denied the petition.  Defendant then filed another mandamus petition with the Third Circuit Court of Appeals raising the same issues as the first petition.  The Third Circuit denied this petition on October 15, 2014.  In re Donahue, 580 F. App'x 136 (3d Cir. 2014).

Defendant has now filed yet another motion attacking our decision on the section 2255 motion.  The motion is fashioned as a "Motion for Relief from Final Judgment Pursuant to Rule 60(b)(3) and 60(d)(3)."   The matter has been fully briefed, bringing the case to its present posture.

**Discussion**

As noted above, the defendant has filed a document which he has

labeled as a motion for relief from final judgment on his section 2255 motion.³ The law provides that: "A § 2255 motion is the presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence[.]" United States v. Hight, 304 F. App'x 31, 32 (3d Cir. 2008). Defendant, however, has filed a Rule 60 motion, instead of a second 2255 motion. Defendants sometimes utilize a Rule 60 motion to circumvent the requirements of filing a second section 2255 motion including the stringent gatekeeping requirements imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").⁴

---

³ For purposes of convenience, we will use the term "section 2255 motion" and "habeas action" interchangeably.

⁴These requirements are codified in 28 U.S.C. § 2255(h), which provides as follows:
> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

When someone in the defendant's position files a Rule 60 motion the court must first determine, using criteria set forth by the United States Supreme Court, whether the motion is a true Rule 60(b) motion or whether it is rather a second or successive habeas corpus petition. Ferguson v. United States, Civ. No. 11-0154, 2016 WL 1578777 *4 (W.D. Pa. Apr. 20, 2016). We lack jurisdiction over the motion if it is an unauthorized second or successive section 2255 motion. See 28 U.S.C. § 2255(h); Lugo v. Zickefoose, 427 F. App'x 89, 92 (3d Cir. 2011).

The United States Supreme Court has explained the circumstances where a Rule 60(b) motion should be construed as a second or successive section 2255 motion in Gonzalez v. Crosby, 545 U.S. 524 (2005). Gonzalez holds that we must construe a Rule 60 motion as a habeas application if it raises a new claim, seeks to present newly discovered evidence in support of a previously denied claim or if it argues a subsequent change in substantive law that justifies habeas relief. Id. at 531.

Defendant's current motion raises two claims, which were also raised in his initial appeal and his previous section 2255 motion, that is whether 1) the government violated his due process rights by failing to disclose

exculpatory evidence and 2) whether the government violated his rights by engaging in prosecutorial misconduct. He claims new evidence supports these claims.[5] Thus, he is trying to present newly discovered evidence supporting previously denied claims. As discussed above, such a claim cannot be brought in a Rule 60 motion, but rather must be brought in a 2255 motion. Id.

Defendant has altered his arguments a bit by now claiming that the prosecutions actions amount to a fraud on the court. Rule 60 allows for a motion to alter or amend judgment where the defendant properly alleges fraud. Specifically, Rule 60 can be used to adjudicate allegations of: fraud, misrepresentation or misconduct by an opposing party - (60(b)(3)); and fraud on the court - (60(d)(3)). We find, however, that the defendant's arguments are not sufficient to establish fraud on the court for Rule 60 purposes.

Defendant simply presents the same arguments already rejected by the court in ruling on defendant's previous motions, with added evidence and the assertion that the prosecutions actions constitute fraud. It appears

---

[5]Defendant also claimed that new evidence supported these claims in his initial section 2255 motion. See United States v. Donahue, 3:08cr221, 2014 WL 2860884 at *4 (M.D. Pa. June 23, 2014).

that labeling the issues as a fraud is merely a tactic to bring the issues under Rule 60 and circumvent the rules regarding second or successive 2255 motions.[6]  As such, under Gonzalez, we must construe defendant's motion as a habeas petition.  Defendant has already fully adjudicated his section 2255 motion.  We are thus without jurisdiction to address his current motion unless he first obtains a certificate of appealability from the Third Circuit Court of Appeals.  He has not obtained such a certificate, therefore, his motion will be denied.

Additionally, the defendant has filed a motion for Judge Munley's recusal.  Defendant argues that Judge Munley may have personal knowledge of disputed evidentiary facts and his impartiality might reasonably be questioned.   As we have found that we have no jurisdiction over this motion which should have been brought as a section 2255 motion, we will deny the motion for recusal.

**Conclusion**

We find that we have no jurisdiction over the defendant's motion for relief from final judgment.  He has brought the motion under Rule 60 but it

---

[6] As noted above, the issues have been in the case for years, and this is perhaps the first time that they have been raised in the context of a separate claim of  "fraud on the court."

should be brought under section 2255 if he can meet requirements of filing a second or successive section 2255 motion. The motion for recusal will also be denied. An appropriate order follows.

**Date: May 22, 2017**   **s/ James M. Munley**

                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**